JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERT MESTAS,

        Plaintiff,

   v.

ALERO MACK JR., MELISSA ALISHA MACK, and DOES 1-5,

        Defendants.

Case No.: CV 19-08933-CJC(SSx)

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 8]

## I. INTRODUCTION & BACKGROUND

On August 28, 2019, Plaintiff Robert Mestas brought an action against Defendants Alero Mack Jr. and Melissa Alisha Mack in New Mexico state court, alleging that Defendants violated the Telephone Consumer Protection Act. (Dkt. 1, Ex. A [Complaint, hereinafter "Compl."].) On October 17, 2019, Defendant Alero Mack Jr., acting *pro se*, removed the case from New Mexico state court to this Court. (Dkt. 1.) In his notice of removal, Mr. Mack acknowledged that by statute civil cases may be removed only to the

federal district court for the district and division where the state case is pending, but contended that removal to this Court was proper because "New Mexico has no jurisdiction over any of the defendants because none of the defendants do business in New Mexico, have ever been in that state, nor has any defendant[] availed itself of the laws and protections of the state and therefore do not meet the 'minimum contacts' rule set forth by *International Shoe*, *Volkswagen Corp v Woodson*, and other cases defining minimum contact with a state."  (Dkt. 1 at 2.)

Before the Court is Plaintiff's motion to remand.  (Dkt. 8 [hereinafter "Mot."].)  For the following reasons, the motion is **GRANTED**.[1]

## III. DISCUSSION

The Court first analyzes whether removal was proper.  Concluding it was not, the Court considers whether to award Plaintiff attorney fees.

### A. Propriety of Removal

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441.  Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined."  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  Indeed, "[n]othing is to be more

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for December 16, 2019, at 1:30 p.m. is hereby vacated and off calendar.

jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The burden of establishing subject matter jurisdiction falls on the defendant. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Congress has made clear that state court cases may only be removed to district courts in the district and division embracing the place where the state court action is pending. Here, that place is New Mexico, not California. Defendant's arguments that New Mexico has no jurisdiction over him do not alter the parameters for removal set by statute, which courts construe strictly against removal jurisdiction. (Dkt. 1 at 2; Dkt. 11 at 2.)[2] *Gaus*, 980 F.2d at 566. The case must be remanded to New Mexico state court because this Court does not have subject matter jurisdiction.

### B. Attorney Fees

Plaintiff requests an award of attorney fees and costs for filing this motion. (Mot. at 9–10.) Congress authorized courts remanding cases to state court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court explained that courts should award fees under this section "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court finds that Defendant lacked an objectively reasonable basis for seeking removal, and that fees are justified. *See id.* Defendant's notice of removal and his opposition clearly show he knew and understood the rule regarding where removal is

---

[2] Defendant moves to strike Plaintiff's motion to remand because he argues that he was not properly served with the motion. (Dkt. 10.) This motion is **DENIED.** However, even if the motion were granted, the Court would still remand this case to state court, because the Court has no subject matter jurisdiction.

proper, yet deliberately chose to disregard it. (Dkt. 1 at 2; Dkt. 11 at 2.) Because of that choice, Plaintiff had to hire a lawyer in California, who reiterated to Defendant before filing this motion the rule regarding where removal is proper. (Mot. at 9–10.) Nevertheless, Defendant opposed the motion to remand. (Dkt. 11.) The remand process wasted time and money for both parties, and also wasted the Court's valuable resources. *See Martin*, 546 U.S. at 140 ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources.").

Plaintiff requests $2,560 in fees, representing 6.4 hours of work at an hourly rate of $400. The Court finds that the hourly rate and the time spent are reasonable, and will award that amount.

## IV.  CONCLUSION

For the following reasons, Plaintiff's motion to remand is **GRANTED**. Plaintiff is awarded $2,560 in attorney fees. This action is hereby remanded to New Mexico state court.

DATED:    December 6, 2019

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE